**JOONDEPH & SHAFFER, Appellee,**

v.

**THERMAL DESIGNS, INC., Appellant.**

[Cite as *Joondeph & Shaffer v. Thermal Designs, Inc.* (1995), 102 Ohio App.3d 59.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16899.

Decided March 22, 1995.

60

*Randal A. Lowry,* for appellee.

*Richard McCune,* for appellant.

SLABY, Judge.

Thermal Designs, Inc. ("Thermal Designs") appeals from a trial court judgment overruling its objections to a referee's report that recommended awarding Joondeph & Shaffer ("Joondeph") $3,344.23 on Joondeph's claim for unpaid attorney fees. We affirm.

Joondeph, an Akron law firm, agreed to handle certain employment law matters for Thermal Designs. According to the referee's findings, the parties agreed that Thermal Designs would pay Joondeph $100 per hour. Thermal Designs paid Joondeph approximately $2,200; according to Joondeph's records, Thermal Designs still owed $3,754.23. This balance reflected an increase in the

hourly rate charged by Joondeph. Despite repeated billings by Joondeph, Thermal Designs did not pay any of the balance.

Joondeph sued Thermal Designs for the balance allegedly due. The parties agreed to have a referee hear the case and further agreed that the referee's findings of fact would be final. After a hearing, the referee found that Joondeph had established its burden of proving that Thermal Designs retained Joondeph's services at the rate of $100 per hour. The referee also found that Joondeph was not entitled to recover more than $100 per hour based upon the original agreement. The referee recommended that Joondeph be awarded $3,344.23.

Thermal Designs objected to the referee's report. In its journal entry, the trial court stated that "[i]t appears from the objections filed herein that [Thermal Designs] wishes to object to the finding of fact made by the Referee." Noting that the parties had agreed that the referee's fact findings would be final, the trial court overruled the objections and confirmed the referee's report.

Thermal Designs appeals, assigning one error:

"The trial court abused its discretion and committed plain error by confirming the Finding of the Referee without examining the merits of the defendant's Objections."

In its sole assignment of error, Thermal Designs asserts that Joondeph violated ethical standards and that these violations constituted overreaching. Thermal Designs argues that the trial court failed to consider this argument and therefore committed reversible error when it confirmed the referee's findings and recommendations.

Civ.R. 53(E)(3) states that only questions of law may be considered on review where the parties stipulate that the referee's fact findings are final. Accordingly, our review is limited to questions of law. This court will not reverse a trial court's adoption of a referee's report and recommendation absent an abuse of discretion. *First Natl. Bank of Ohio v. Robb* (1992), 85 Ohio App.3d 277, 279, 619 N.E.2d 1032, 1034. "Abuse of discretion" suggests that the trial court acted with an unreasonable, arbitrary, or unconscionable attitude, as opposed to making an error of law or judgment. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205.

We find that the trial court did not abuse its discretion. Thermal Designs provided no evidence to support its claim that Joondeph violated any ethical rules. Thermal Designs cites EC 2–17 and 2–18 of the Code of Professional Responsibility and argues that any fee arrangement should have been reasonable and in writing. We note that Ethical Considerations, unlike Disciplinary Rules, are aspirational rather than mandatory. See Preface to the Code of

Professional Responsibility. Therefore, even if Joondeph failed to meet the parameters of EC 2–17 and 2–18, such a failure does not indicate that Joondeph violated its ethical obligations. Moreover, the evidence before the referee established that Akron area firms typically charged $100 to $150 per hour for the type of work performed by Joondeph. In light of this evidence, the fee charged in this case, $100 per hour, was reasonable. Thermal Designs argues that Joondeph refused to attend a hearing on its behalf. While this is true, Joondeph had previously informed Thermal Designs, in writing, that it would do no more legal work for Thermal Designs until the outstanding balance was paid. Because Thermal Designs deliberately disregarded its fee obligation to Joondeph, Joondeph was justified in withdrawing from further representation. See DR 2–110(C)(1)(f). Finally, Thermal Designs presents no authority for its argument that a violation of an Ethical Consideration equates to overreaching. Based on the foregoing, we find that the trial court did not abuse its discretion in adopting the referee's report.

 We reject Thermal Designs' argument that the trial court committed plain error in confirming the referee's findings. In civil cases, the plain error doctrine may be used only in exceptional circumstances to prevent a manifest miscarriage of justice. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327–328, 480 N.E.2d 794, 800. The error must be clearly apparent on the face of the record and must be prejudicial to the appellant. *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 OBR 281, 284, 480 N.E.2d 802, 805. We cannot find plain error on these facts. Accordingly, we reject Thermal Designs' argument.

Thermal Designs' assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.