OFFICE OF DISCIPLINARY COUNSEL *v.* NOETHLICH.

[Cite as *Disciplinary Counsel v. Noethlich* (2002), 94 Ohio St.3d 124.]

(No. 01–797—Submitted August 28, 2001—Decided January 9, 2002.)

———————

*Per Curiam.* On August 12, 1996, we suspended respondent, Keith A. Noethlich of Pickerington, Ohio, Attorney Registration No. 0038408, from the practice of law for his failure to meet his continuing legal education ("CLE") requirements. *In re Report of the Comm. on Continuing Legal Edn.* (1996), 76 Ohio St.3d 1454, 668 N.E.2d 1387. In the following two months, respondent fulfilled the requirements of Gov.Bar R. X relating to CLE and was reinstated to the practice of law on November 26, 1996. *In re Noethlich* (1996), 77 Ohio St.3d 1459, 672 N.E.2d 183.

However, during the period of his suspension, respondent filed an application for authority to administer estate for the estate of William Harold Coverdale in the Franklin County Probate Court, listing himself as "Attorney for Applicant." In addition, during the suspension, respondent remained counsel for two other estates pending in the same court. Although respondent filed no papers in either case, he did meet with the executor, the beneficiaries, and an accountant in one case to discuss distribution of that estate. Moreover, although respondent failed to inform the executors of his suspension, he filed an affidavit of compliance with the Supreme Court of Ohio on October 25, 1996, stating that he had informed all of his clients of the suspension.

Respondent failed to register to practice law with the Supreme Court of Ohio for the 1997/1999 and 1999/2001 biennium periods as required by Gov.Bar R. VI. He finally registered for those periods on February 14, 2000. Thus, respondent was not registered to practice law for approximately two and one-half years.

On July 31, 2000, relator, Disciplinary Counsel, filed a complaint charging that respondent's conduct violated several provisions of the Code of Professional Responsibility. Respondent answered, admitting the facts as alleged in the

complaint and admitting that he had violated some, but not all, of the Disciplinary Rules as charged by the relator.

A panel of the Board of Commissioners on Grievances and Discipline ("board") heard testimony and received stipulations. It found the facts as set forth above and concluded that respondent, by practicing while under CLE suspension, had violated DR 3–101(B) (practicing law in a jurisdiction where doing so is in violation of the regulations of that jurisdiction) and that by practicing law while not registered with the Supreme Court, he had violated Gov.Bar R. VI(1)(A) (each attorney who is admitted to the practice of law in Ohio shall file with the Clerk of the Supreme Court a certificate of registration). The panel further concluded that these actions, together with his false affidavit filed with the Supreme Court, violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1–102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law).

The panel received letters and testimony regarding respondent's good character and mitigation evidence that respondent suffered health problems in 1996 and that, at the same time, he was the primary caregiver for his stepmother and his father, who died in September 1996. The panel recommended that respondent be suspended from the practice of law for six months. The board adopted the findings, conclusions, and recommendation of the panel.

Upon review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy Solochek Beckman*, Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell*, for respondent.