[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 129.]

OFFICE OF DISCIPLINARY COUNSEL *v.* ALLEN.

[Cite as *Disciplinary Counsel v. Allen*, 2002-Ohio-4212.]

*Attorneys at law—Misconduct—Indefinite suspension with credit for time served under interim suspension—Conviction for perjury.*

(No. 01-1137—Submitted September 19, 2001—Decided January 9, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-94.

_____

*Per Curiam.*

{¶ 1} In March 1999, respondent, Doris H. Allen, last known address in Covington, Kentucky, Attorney Registration No. 0040292, was convicted by a jury of perjury in violation of R.C. 2921.11(A), tampering with evidence in violation of R.C. 2921.12(A)(2), and tampering with records in violation of R.C. 2913.42(A)(1).[1]  After merging the first two convictions into the single perjury conviction, the trial court sentenced respondent to one year in prison for these offenses, the facts of which also underlay a previous disciplinary complaint that a majority of this court dismissed in 1998. See *Cincinnati Bar Assn. v. Allen* (1998), 82 Ohio St.3d 550, 550-553, 697 N.E.2d 189, 189-191 (Moyer, C.J., dissenting), and reconsideration denied (1998), 84 Ohio St.3d 1203, 1203-1206, 702 N.E.2d 101, 101-103 (Lundberg Stratton, J., concurring).  In December 2000, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's conviction constituted violations of DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving fraud, deceit, dishonesty, or

_____

1. On August 11, 1999, respondent was suspended from the practice of law in Ohio for an interim period pursuant to Gov.Bar R. V(5)(A)(4).  See *In re Houser Allen* (1999), 86 Ohio St.3d 1451, 714 N.E.2d 403.

misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 7-102(A)(7) (assisting a client in conduct the lawyer knows to be illegal or fraudulent).

**{¶ 2}** Respondent was apparently served with a copy of the complaint while incarcerated, but did not answer,[2] and relator filed a motion for default pursuant to Gov.Bar R. V(6)(F)(1). A master commissioner for the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the motion and recommended that respondent be found in violation of the charged Disciplinary Rules and that she be indefinitely suspended from the practice of law in Ohio. On further review, the board adopted the master commissioner's findings of fact and conclusions of law, as well as the recommended sanction.

**{¶ 3}** We concur in the board's recommendation, as modified. In 1996, while representing Sylvia Huff in the attempt to procure custody of Huff's children, respondent dictated and had Huff sign an affidavit alleging that the children's father had "threatened" Huff and her children and was "armed and dangerous." A jury determined that respondent knew these allegations to be untrue. Respondent then had Huff file a complaint charging the children's father with domestic violence based on the false affidavit. The father was subsequently arrested and taken into custody as a result.

**{¶ 4}** By oath or affirmation upon admission to the bar, an attorney promises to act as an officer of the court in abiding by our Code of Professional Responsibility and upholding the laws of this country and this state. Gov.Bar R. I(8)(A). Few infractions so impugn the integrity of our judicial system as do the crimes of perjury and tampering with court evidence or records.

---

2. Respondent corresponded with relator twice during the investigation, both times indicating that she did not want to respond and that she wanted to resign from the practice of law. To date, however, respondent has not documented her resignation.

**{¶ 5}** Accordingly, respondent is hereby ordered suspended from the practice of law in Ohio for an indefinite period to commence upon the date of our order; however, respondent is given credit for the time she has served since August 11, 1999, the date of her interim suspension.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., not participating.

_____

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

_____