The State ex rel. Holloman, Appellant, *v.* Phillips, Appellee.

[Cite as *State ex rel. Holloman v. Phillips,*
100 Ohio St.3d 70, 2003-Ohio-5063.]

(No. 2003–0786—Submitted August 26, 2003—Decided October 8, 2003.)

———————————

**Per Curiam.**

{¶ 1} In July 2002, the Hamilton County Public Defender's Office appointed appellee, Mary K. Phillips, to represent appellant, Martin L. Holloman, on a felony charge of theft. In August 2002, Phillips and an assistant prosecuting attorney attended a scheduling conference with the judge presiding over Holloman's case. During discussions concerning a potential plea bargain, the judge advised Phillips that Holloman could expect to receive four to six months in a drug-treatment facility if he entered a guilty plea to the theft charge. Holloman pled guilty to the charge.

{¶ 2} On September 6, 2002, the judge sentenced Holloman to seven months in prison instead of four to six months in a drug-treatment facility. The judge noted that Holloman was on parole for a separate criminal conviction.

{¶ 3} After Phillips denied Holloman's request that she provide him with an affidavit setting forth the details of the conversation she had had with the judge regarding the sentence Holloman could expect to receive if he pled guilty, Holloman filed a complaint in the Court of Appeals for Hamilton County. Holloman requested a writ of mandamus to compel Phillips to provide him with "an affidavit reiterating the verbal plea bargain made in chambers" with the judge in his criminal case. Phillips filed an answer and a motion to dismiss. In March 2003, the court of appeals granted Phillips's motion and dismissed the complaint.

{¶ 4} In his appeal, Holloman asserts that the court of appeals erred in dismissing his complaint for a writ of mandamus. Holloman claims that Phillips had a duty under R.C. 120.16(A) and (B)[1] and EC 7-7[2] to provide him with the requested affidavit.

{¶ 5} Holloman's contentions lack merit. Ethical considerations are aspirational in character and impose no cognizable legal duties. Preface to Code of Professional Responsibility; *Columbus Bar Assn. v. Schlosser* (1995), 74 Ohio St.3d 174, 178, 657 N.E.2d 500 ("a violation of the Disciplinary Rules, not the Ethical Considerations, subjects an attorney to discipline"); *Joondeph & Shaffer v. Thermal Designs, Inc.* (1995), 102 Ohio App.3d 59, 61–62, 656 N.E.2d 990.

{¶ 6} Moreover, insofar as Holloman requests an affidavit concerning a "plea agreement" made by the judge that never occurred, neither R.C. 120.16(A) and (B) nor EC 7-7 imposes any legal duty on an appointed attorney to swear to a false affidavit. In fact, this conduct would have subjected Phillips to disciplinary action. See, e.g., *Disciplinary Counsel v. Allen* (2002), 94 Ohio St.3d 129, 760 N.E.2d 820; *Disciplinary Counsel v. Noethlich* (2002), 94 Ohio St.3d 124, 760 N.E.2d 816.

---

1. R.C. 120.16(A)(1) provides that "[t]he county public defender shall provide legal representation to indigent adults and juveniles who are charged with the commission of an offense or act that is a violation of a state statute and for which the penalty or any possible adjudication includes the potential loss of liberty and in postconviction proceedings as defined in this section," and R.C. 120.16(B) provides that "[t]he county public defender shall provide the legal representation authorized by division (A) of this section at every stage of the proceedings following arrest, detention, service of summons, or indictment."

2. EC 7-7 provides that generally, "the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on his lawyer."

{¶ 7} Finally, Holloman has an adequate legal remedy by filing a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128.

{¶ 8} Therefore, the court of appeals correctly dismissed[3] Holloman's complaint. We affirm the judgment of the court of appeals.[4]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Martin L. Holloman, pro se.

---

3. Phillips's belated Civ.R. 12(B)(6) motion should have been treated as a Civ.R. 12(C) motion for judgment on the pleadings. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 592, 635 N.E.2d 26.

4. We deny Phillips's motion to strike Holloman's merit brief.