OPINION
{¶ 1} Appellants, Gerald L. Keenan and Gerald L. Keenan, LLC ("Keenan"), appeal the December 30, 2005 judgment of the Court of Common Pleas, Allen County, Ohio, dismissing their complaint pursuant to Civ.R. 12(B)(6). Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Keenan formerly owned a franchise of Norrell Services, Inc. ("Norrell"), a temporary staffing agency. The franchisee rights were subsequently transferred to Gerald L. Keenan, LLC. Keenan initially filed a complaint both individually and as owner of Gerald L. Keenan, LLC alleging breach of contract against defendant-appellee Adecco Employment Services, Inc.'s ("Adecco"). The dispute arose out of agreements between his former Norrell Services franchise and two companies now owned by Adecco, Adia Services Inc. ("Adia") and Marshall Personnel Systems, Inc. These agreements purportedly subcontracted for Norrell to provide temporary staffing services for the Honda of America auto manufacturing plant located in Anna, Ohio. Keenan alleged that these agreements guaranteed that his company would fill eighty percent of all temporary associate positions at the Honda plant.
 {¶ 3} Subsequent to the initial complaint, Adecco filed a motion for more definite statement, which the trial court granted. The court also ordered Keenan to attach all written documents referred to in the complaint as required by Civ.R. 10(D)(1). Keenan thereafter filed an amended complaint, which included two Subcontractor service agreements between Norrell and Adia. The complaint also alleged that "several subsequent" agreements were signed between the parties, however, those documents were not attached to the complaint.
 {¶ 4} Adecco then filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that Keenan had failed to state a claim upon which relief could be granted because the agreements attached to the complaint specifically disavowed any guarantee as to the amount of temporary positions Keenan was contracting for. The trial court granted the motion to dismiss pursuant to Civ.R. 12(B)(6), finding that the agreements "unambiguously exclude
any guarantees with respect to staffing levels and, thus, the writings (contracts) upon which plaintiffs' claims are based present an insuperable bar to relief." Keenan now appeals that judgment, asserting two assignments of error:
The trial court erred in its dismissal of plaintiff's amendedcomplaint because plaintiff had substantially complied with OhioRules of Civil Procedure Rule 8.
 The trial court erred in granting defendant's motion to strikebecause defendant had failed to comply with plaintiffs' requestfor production of documents which denied the plaintiffs theopportunity to more fully substantiate plaintiffs' claims made.
 {¶ 5} Keenan makes two arguments in support of his contention that the trial court erred in granting the motion to dismiss pursuant to Civ.R. 12(B)(6). First, he argues that he sufficiently asserted his claim by meeting the requirements of Civ.R. 8(A). Second, he argues that the documentary evidence needed to support his claim was in Adecco's possession, and Adecco had failed to respond to requests for production of documents.
 {¶ 6} In reviewing a 12(B)(6) motion for dismissal, the court must accept all of the factual allegations in the complaint as true. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192, 532 N.E.2d 753. Because the factual allegations are presumed to be true, a reviewing court must decide only legal issues, and an entry of dismissal on the pleadings is reviewed de novo.Schumacher v. Amalgamated Leasing, Inc. (2004),156 Ohio App.3d 393, 806 N.E.2d 189, 2004-Ohio-1203, at ¶ 5, citing Mitchell,40 Ohio St.3d at 192, 532 N.E.2d 753. The motion to dismiss is viewed with disfavor and should rarely be granted. See, e.g.,Madison v. Purdy (5th Cir. 1969), 410 F.2d 99, 100-101.
 {¶ 7} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548,605 N.E.2d 378. A court inquires whether the allegations constitute a statement of claim under Civ.R. 8(A). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
 {¶ 8} In the instant case, appellants' argue that their claim is sufficiently plead under Civ.R. 8(A), which requires only "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). This argument ignores the requirements of Civ.R. 10(D); when a claim alleges a breach of contract the party asserting the claim must attach the alleged agreements to the complaint. Any written instrument attached to a pleading pursuant to Civ.R. 10(C) (D) is part thereof for pleading purposes. Thus, although a reviewing court generally looks only to the complaint in order to determine whether the claimant has brought a legally sufficient action, the court will also look to written instruments upon which the claim is predicated when those documents are attached pursuant to the Civil Rules. See Ohio Council 8 v. Ohio Dept. of Mental Health
(Dec. 2, 1982), 2nd Dist. No. CA-7794, CA-7808, unreported, 1982 WL 3874 (citing Slife v. Kundtz Properties, Inc. (1974),40 Ohio App.2d 179, 185-186, 318 N.E.2d 557)
 {¶ 9} Therefore, in an action alleging a breach of contract a reviewing court must look not only to the allegations in the complaint but also to the language of the contract. A motion to dismiss pursuant to Civ.R. 12(B)(6) should be granted in such cases "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover, or where the claim is predicated on some writing attached to the complaint pursuant to Civil Rule 10(D) and that writing presents an insuperable bar to relief." Slife,40 Ohio App.2d at 185-186. Dismissals under Civ.R. 12(B)(6) are proper where the language of the writing is clear and unambiguous.
 {¶ 10} Keenan's amended complaint asserts one claim: that Adecco and its predecessor companies breached subcontractor agreements with the staffing agency in which they had agreed to award eighty percent of all temporary associates employed at the Honda plant to the agency. He alleges that his company signed a Subcontractor Service Agreement with Adecco's predecessor company and reached "several subsequent agreements" with Adecco itself. However, the only agreements attached to the complaint pursuant to Civ.R. 10(D) were two subcontractor service agreements between appellants and Adecco's predecessors; no "subsequent agreements" were ever included. Therefore, we can only look to the complaint and these agreements to determine whether the appellants have alleged a set of facts upon which they might recover or whether the agreements provide an insuperable bar to relief for these claims.
 {¶ 11} Courts construe guarantee agreements in the same manner as they interpret contracts. G.F. Business Equip. v.Liston (1982), 7 Ohio App.3d 223, 224, 454 N.E.2d 1358; Stonev. Natl. City Bank (1995), 106 Ohio App.3d 212, 665 N.E.2d 746. Neither of the guarantee contracts at issue in this case contain any express guarantees that appellants will provide eighty percent of the Honda plants temporary staffing needs. However, an attachment to both agreements does contain the following language:
Although there are no guarantees, this long-term partnershipshould result in your agency securing consistent business.
 {¶ 12} Moreover, the second agreement also expressly states, "there are no guarantees as to volume levels." Thus, language contained in the agreements expressly contradict appellants' assertion that they were guaranteed eighty percent of the temporary staffing positions available at the Honda plant. This language precludes the appellants from recovering on their asserted claim.
 {¶ 13} Accordingly, the written instruments attached to the amended complaint provide an insuperable bar to recovery on the sole claim asserted by the appellants in the complaint. Therefore, the trial court correctly dismissed the complaint under Civ.R. 12(B)(6). Keenan's first assignment of error is overruled.
 {¶ 14} Keenan's second assignment of error asserts that the trial court should have ordered the defendants to comply with the request for production of documents prior to ruling on the motion to dismiss. However, a motion to dismiss under Civ.R. 12(B)(6) is directed solely at the pleadings. See Assoc. for Defense ofWashington Local School Dist. v. Kiger (1989),42 Ohio St.3d 116, 537 N.E.2d 1292; Winkle v. Southdown, Inc. (Sept. 3, 1993), 2nd Dist. No. 92-CA-107, unreported, 1993 WL 333643, at *5 (citing Marino v. City of Niles (Sept. 15, 1989), Trumbull App. No. 88-T-4418, unreported). "It is axiomatic that discovery under the Civil Rules is generally outside the scope of the pleadings."Winkle, supra at *5 (citing Poulos v. Parker Sweeper Co.
(1989), 44 Ohio St.3d 124). Therefore, when ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6) documents and evidence not contained in the pleadings are irrelevant.
 {¶ 15} Keenan essentially argues that if he were permitted to conduct discovery he would find the contracts upon which he relies for his assertion that his company was guaranteed eighty percent of the temporary staffing openings. However, as the court noted in Winkle, the purpose of discovery is not to permit one party to conduct a "fishing expedition" for evidence to support their claim. Id. The Civil Rules require the party asserting a claim for breach of contract to attach the agreements at issue to the complaint. Civ. 10(D).[1]
 {¶ 16} As previously stated, the contracts Keenan has relied on expressly contradict the claim asserted in the complaint, and thus the court properly dismissed the complaint under Civ.R. 12(B)(6). Permitting discovery when the allegations in the complaint are insufficient to state a claim would be improper. Therefore, based on the foregoing appellants' second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.
[1] Civ.R. 10(D)(1) provides: "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." This permits a claimant to assert a claim even if she does not have the written instrument in question, after which she is certainly entitled to obtain the instrument through discovery. However, in the instant case Keenan did not state his reasons for failing to attach the agreements in question anywhere in the amended complaint.