**OGLE et al., Appellants,**

v.

**OHIO POWER COMPANY et al., Appellees.**

[Cite as *Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 08CA6.

Decided Dec. 23, 2008.

Dagger, Johnston, Miller, Ogilvie & Hampson, L.L.P., Ray R. Michalski, and D. Joe Griffith, for appellants Charles R. Ogle and Melanie Ogle.

Porter, Wright, Morris & Arthur, L.L.P., Brian L. Buzby, and Ryan P. Sherman, for appellee Ohio Power Company.

Blaugrund, Herbert & Martin, Inc., and Christopher T. Cline, for appellees Teresa Jo Gubsch, Margaret Ann Plahuta, and Christopher T. Cline, pro se.

HARSHA, Judge.

{¶ 1} Charles and Melanie Ogle appeal the trial court's judgment dismissing their complaint and contend that they sufficiently pleaded a nuisance claim against Ohio Power Company ("Ohio Power") and Christopher T. Cline, Teresa Jo Gubsch, and Margaret Ann Plahuta (collectively "Cline"). Their complaint alleged that the proposed telecommunications tower Ohio Power plans to construct and operate on Cline's adjoining property will create a health risk to them, diminish the fair-market value of their property, and interfere with their property rights. Because the complaint gives Ohio Power and Cline reasonable notice that the Ogles are claiming a nuisance, it is sufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted. Thus, we reverse the judgment of dismissal and reinstate the complaint.

## I. Facts

{¶ 2} The Ogles filed a complaint against Ohio Power and Cline, seeking to enjoin Ohio Power from constructing and operating a telecommunications tower on Cline's property. They alleged that Ohio Power intended to construct the telecommunications tower in such a location as to be "visible" from their property and to be "close enough" to their property as to create "health risks" to them and their animals. They also alleged that the tower will cause diminution in the fair-market value of their home and will pose a substantial threat of damage to their persons and property. Thus, they contend that the proposed tower would constitute a nuisance and an unreasonable interference with their rights. After Ohio power filed a motion to dismiss under Civ.R. 12(B)(6) and (C), Cline filed a memorandum in support of Ohio Power's motion, and the Ogles opposed the motion. The trial court granted Ohio Power's motion to dismiss but provided no rationale for its decision. The Ogles now appeal and present one assignment of error:

The trial court err [sic] in granting the appellees' motion to dismiss appellants' complaint pursuant to Civil Rules 12(B)(6) and (C).

## II. Standard of Review

{¶ 3} Because it presents a question of law, we review a trial court's decision regarding a motion to dismiss independently and without deference to the trial court's determination. See *Roll v. Edwards,* 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 15; *Noe v. Smith* (2000), 143 Ohio App.3d 215, 218, 757 N.E.2d 1164. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. A trial court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus; see also *Taylor v. London* (2000), 88 Ohio St.3d 137, 139, 723 N.E.2d 1089; *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. Furthermore, when considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 193, 532 N.E.2d 753; *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098; see also *JNS Ents., Inc. v. Sturgell,* Ross App. No. 05CA2814, 2005-Ohio-3200, 2005 WL 1492002. The court, however, need not presume the truth of legal conclusions that are unsupported by factual allegations. *McGlone v. Grimshaw* (1993), 86 Ohio App.3d 279, 285, 620 N.E.2d 935, citing *Mitchell* at 193, 532 N.E.2d 753.

{¶ 4} A motion for judgment on the pleadings under Civ.R. 12(C) is, essentially, a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Dolan v. Glouster,* 173 Ohio App.3d 617, 2007-Ohio-6275, 879 N.E.2d 838, ¶ 7, citing *State ex rel. Holloman v. Phillips,* 100 Ohio St.3d 70, 2003-Ohio-5063, 796 N.E.2d 524, ¶ 8, fn. 3; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137. Judgment on the pleadings is appropriate if, in construing all material allegations in the complaint in favor of the nonmoving party, together with all reasonable inferences to be drawn from them, the court finds, beyond doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶ 2; *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931; *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 297 N.E.2d 113. We review the judgment on the pleadings de novo, giving no

48

deference to the trial court's judgment. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.

### III.   Sufficiency of the Pleading

{¶ 5} Because Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity.   See *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29 (noting that in *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063, the court concluded that only in a few circumscribed types of cases, such as a workplace intentional tort or a negligent-hiring claim against a religious institution, do we require that the plaintiff plead operative facts with particularity).   Rather, Civ.R. 8(A) requires only a short and plain statement of the claim that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it is based.[1]   *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771; *Kramer v. Angel's Path, L.L.C.*, 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46, ¶ 12; *Leichliter v. Natl. City Bank of Columbus* (1999), 134 Ohio App.3d 26, 31, 729 N.E.2d 1285; *Patrick v. Wertman* (1996), 113 Ohio App.3d 713, 716, 681 N.E.2d 1385. Thus, a plaintiff is not required to plead the legal theory of the case at the pleading stage and need only give reasonable notice of the claim.   *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36, 656 N.E.2d 334; *Leichliter* at 31, 729 N.E.2d 1285.   Outside of a few exceptions, none of which apply here, a complaint need not contain more than "brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule."   *Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, ¶ 6, citing *York v. Ohio State Hwy. Patrol* at 146, 573 N.E.2d 1063.   The simplified notice-pleading standard relies on liberal discovery rules and summary-judgment motions to define disputed facts and to dispose of nonmeritorious claims.   Id.   "Because it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal."   *Leichtman v. WLW Jacor Communications, Inc.* (1994), 92 Ohio App.3d 232, 234, 634 N.E.2d 697.

{¶ 6} The Ogles contend that their complaint sets forth a valid claim for absolute nuisance or nuisance per se and argue that they had "suggested" to the trial court that their complaint could withstand a motion to dismiss by amending it to specifically allege that (1) the location and use of the proposed telecommuni-

---

1.   {¶ a} Civ.R. 8(A) states:

{¶ b} **Claims for relief.**   A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.

cations tower would expose them to radio frequency electromagnetic emissions in such amounts and for such duration as to endanger them physically, mentally, and emotionally and (2) the location, size, and appearance of the tower will negatively impact the aesthetics of the area surrounding their residence, resulting in a diminution in the value of their real state and negatively affecting their happiness, comfort, and well being. However, as Ohio Power correctly points out, the Ogles never filed an amended complaint or sought leave to do so. Therefore, we will limit our review to the allegations actually set forth in the complaint, accepting them as true and making every inference in the Ogles' favor. But, we do not consider allegations that "could" have been pleaded, as the Ogles suggest.

### IV. Does the Complaint give Fair Notice of a Private Nuisance Claim?

{¶ 7} As we and many other courts have previously noted, "[t]here is perhaps no more impenetrable jungle in the entire law than that which surrounds the word 'nuisance.'" *Brown v. Scioto Cty. Commrs.* (1993), 87 Ohio App.3d 704, 712, 622 N.E.2d 1153, quoting Prosser & Keeton, Law of Torts (5th Ed.1984) 616, Section 86. "Nuisance" is defined as "the wrongful invasion of a legal right or interest." *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 432, 28 O.O. 369, 55 N.E.2d 724. "Wrongful invasion" encompasses the use and enjoyment of property or of personal rights and privileges. Id. A "private nuisance" is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Brown* at 712, 622 N.E.2d 1153, citing Restatement of the Law 2d, Torts (1979), 100, Section 821D. Unlike a public nuisance, a private nuisance threatens only one or few persons. *Taylor* at 442, 28 O.O. 369, 55 N.E.2d 724, citing *McFarlane v. Niagara Falls* (1928), 247 N.Y. 340, 160 N.E. 391. In order for a private nuisance to be actionable, the invasion must be either (1) intentional and unreasonable or (2) unintentional but caused by negligent, reckless, or abnormally dangerous conduct. *Brown* at 712–713, 622 N.E.2d 1153, citing Section 822 of Restatement of the Law 2d, Torts at 113–115.

{¶ 8} The Ogles' complaint alleged that Ohio Power intended to construct the telecommunications tower in such a location as to be "visible" from their property and to be "close enough" to their property as to create "health risks" to them and their animals. And, they alleged that the tower will cause diminution in the fair-market value of their home and will pose a substantial threat of damage to their persons and property. They concluded that the proposed tower would constitute a "nuisance" and an "unreasonable interference with their rights." Given these allegations, we believe that the Ogles generally alleged a "nuisance" claim against Ohio Power and Cline based on their claims that the location, size, and appearance of the proposed telecommunications tower would

create a risk of physical harm and cause diminution in the fair-market value of their property.

{¶ 9} While the parties would have us attempt to penetrate the jungle to determine whether the complaint sufficiently alleges an absolute or qualified nuisance, that formidable task is unnecessary at this stage of the proceedings. All we need to decide now is whether the complaint gives the defendants fair notice of the claim and the opportunity to respond to it. *Kramer*, 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46, ¶ 12, citing *Illinois Controls*, 70 Ohio St.3d at 526, 639 N.E.2d 771, and *Leichliter*, 134 Ohio App.3d at 31, 729 N.E.2d 1285. The answer to our inquiry is thus controlled by the dictates of Civ.R. 8(A) rather than a parsing of the complaint to see whether the plaintiffs have pleaded operative facts going to each element of the claim. Id. at ¶ 29. Moreover, Civ.R. 8(F) provides that courts should construe the pleadings so as to do substantial justice. The object is not absolute technical conformity with arcane rules of pleading but rather simply to see whether the plaintiffs' wording provides the defendants with notice of the claim and the opportunity to defend it. Thus, we conclude that delving into the nuances of absolute versus qualified nuisance should be reserved for discovery and summary judgment. Likewise, whether the Ogles have an adequate remedy at law is a question that must be resolved on the merits, not a Civ.R. 12(B)(6) motion.

## V.  Conclusion

{¶ 10} Looking at the language of the complaint, we conclude that it gives notice to the defendants that the Ogles are claiming that Ohio Power is proceeding to create a private nuisance. Whether the Ogles can successfully defend a motion for summary judgment by setting forth operative facts on all the elements of either an absolute or qualified private nuisance is not the issue here. Because their complaint complies with the notice-pleading requirements of Civ.R. 8(A), they should have an opportunity to try to prove their case in further proceedings.

{¶ 11} Thus, we sustain the assignment of error, reverse the dismissal of their complaint, and remand this matter to the trial court.[2]

Judgment reversed
and cause remanded.

---

2.  The Ogles have filed a motion for injunctive relief in which they ask this court to prohibit appellee Ohio Power Company from installing, using, maintaining, or repairing the telecommunications tower. Because we are remanding this case to the trial court, the Ogles motion is denied as moot. They are free to pursue relief in the trial court as they deem appropriate.

McFARLAND, J., concurs.

KLINE, J., concurs in judgment only.