[Cite as *Ogle v. Ohio Power Co.*, 2012-Ohio-4986.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| Charles R. Ogle, et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | Case No. 11CA27 |
| v. | : | |
| | : | DECISION AND |
| Ohio Power Company, et al, | : | JUDGMENT ENTRY |
| | : | |
| Defendants-Appellees. | : | Filed: October 23, 2012 |

_____

APPEARANCES:

Charles R. Ogle and Melanie A. Ogle, Rockbridge, Ohio, pro se Appellants.

Brian L. Buzby and Daniel B. Miller, Porter, Wright, Morris & Arthur, LLP, Columbus, Ohio, for Appellee Ohio Power Company.

Christopher T. Cline, Blaugrund, Herbert, Kessler, Miller, Myers & Postalakis, Worthington, Ohio, for Appellees, Christpoher T. Cline, Teresa Jo Gubsch and Margaret Ann Plahuta.

_____

Kline, J.:

{¶1}    Charles R. Ogle and Melanie A. Ogle (collectively, the "Ogles") appeal the judgment of the Hocking County Court of Common Pleas, which granted summary judgment in favor of Ohio Power Company (hereinafter "Ohio Power"). The Ogles contend that an Ohio Power telecommunications tower near the Ogles' property constitutes a nuisance. Because there is no genuine issue of material fact that the telecommunications tower constitutes a nuisance, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

{¶2}   In October 2007, the Ogles filed a complaint seeking to enjoin Ohio Power from constructing a telecommunications tower (hereinafter the "Tower") on property owned by Christopher T. Cline, Teresa Jo Gubsch, and Margaret Ann Plahuta (hereinafter, we will refer to this property as the "Cline Property").[1]  The Ogles own property adjacent to the Cline Property.

{¶3}   The trial court granted Ohio Power's motion to dismiss the Ogles' claim. We determined, however, that the Ogles' complaint sufficiently alleges a private nuisance claim, and we reversed the trial court's judgment.  *Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, ¶ 7-11 (4th Dist.).

{¶4}   In October 2008, Ohio Power constructed the Tower on the Cline Property.  Eventually, Ohio Power moved for summary judgment on the Ogles' nuisance claim.  The trial court then granted Ohio Power's motion and dismissed the Ogles' complaint.

{¶5}   The Ogles appeal and assert the following assignments of error: I. "THE TRIAL COURT ERRED IN FINDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT MERITORIOUS AND DISMISSING PLAINTIFFS' COMPLAINT."  II. "THE TRIAL COURT ERRED IN APPLYING *SCHOENBERGER V. DAVIS* (JUNE 23, 1983), CUYAHOGA APP. NO. 45611 REGARDING A DRIVEWAY WHICH IN SCOPE AND EFFECT IS MAGNIFICENTLY SET APART FROM A 350-FOOT ELECTROMAGNETIC MICROWAVE TOWER."  III. "THE TRIAL COURT ERRED IN CITING A CALIFORNIA CASE *OLIVER V. AT&T WIRELESS SERVICE* (1999), 76 CAL.APP.4TH 521 REGARDING A CELLULAR TOWER SUBJECT TO THE FEDERAL

---

[1] The owners of the Cline Property are also defendants/appellees, and they have joined in and adopted Ohio Power's filings in this case.

TELECOMMUNICATIONS ACT OF 1996." IV. "THE TRIAL COURT ERRED IN CONCLUDING THAT 'NO SUCH EVIDENCE OF NEGLIGENCE EXISTS HEREIN', IN THAT THE PLAINTIFFS WERE NOT REQUIRED TO COME FORWARD WITH EVIDENCE TO SUPPORT THEIR CLAIMS OTHER THAN IN THEIR RESPONSE TO DISCOVERY." V. "THE TRIAL COURT ERRED IN MISAPPLYING *ADAMS V. GORRELL* (1927), 28 OHIO APP. 55 TO THIS CASE." VI. "THE TRIAL COURT ERRED IN SEPARATING OUT THE ISSUE OF PROPERTY VALUE AS INSUFFICIENT TO CONSTITUTE A NUISANCE." VII. "THE TRIAL COURT ERRED IN CONCLUDING 'INAPPLICABILITY' OF PLAINTIFFS' NUISANCE *PER SE* AND NUISANCE *ACCIDENS* ARGUMENTS, WITH CITATIONS, OF A 350-FOOT ELECTROMAGNETIC MICROWAVE TOWER LOCATED NEAR AND VISIBLE FROM PLAINTIFFS' RESIDENCE AND MOST OF THEIR PROPERTY, TO BE ABSENT OF GENUINE FACTUAL ISSUES." VIII. "THE COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT 'FOR THE REASONS STATED HEREIN, AS WELL AS THOSE PERSUASIVELY ARGUED BY DEFENDANTS IN THEIR BRIEFS' WITHOUT RECAPITULATING ANY PARTICULAR PERSUASIVE REASONS MADE BY DEFENDANTS." IX. "THE COURT ERRED IN NOT VIEWING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN A LIGHT MOST FAVORABLE TO THE PARTY OPPOSING THE MOTION." And X. "THE TRIAL COURT ERRED IN FINDING THAT '(1) THERE ARE NO GENUINE ISSUES OF MATERIAL FACT, (2) DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW, AND (3) REASONABLE MINDS, VIEWING THE EVIDENCE MOST FAVORABLY TO PLAINTIFFS, COULD FIND ONLY FOR DEFENDANTS.'"

II.

{¶6} In all of their assignments of error, the Ogles essentially argue that the trial court erred in granting Ohio Power's motion for summary judgment. Therefore, we will consider all of the Ogles' assignments of error together.

{¶7} "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). *Accord Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 14. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994).

{¶8} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). *Accord Grimes* at ¶ 15.

**{¶9}** "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail." *Grimes* at ¶ 16. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley*, 75 Ohio App.3d 409, 412, 599 N.E.2d 786 (4th Dist.1991). *Accord Grimes* at ¶ 16.

**{¶10}** The Ogles have alleged a private nuisance claim against Ohio Power. "A 'private nuisance' is 'a nontrespassory invasion of another's interest in the private use and enjoyment of land.'" *Ogle*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, at ¶ 7, quoting *Brown v. Scioto Cty. Commrs.*, 87 Ohio App.3d 704, 712, 622 N.E.2d 1153 (4th Dist.1993). There are two types of private nuisance claims – a qualified nuisance and an absolute nuisance. *Adams v. Pitorak & Coenen Invests., Ltd.*, 11 Dist. Nos. 2009-G-2931 & 2009-G-2940, 2010-Ohio-3359, ¶ 36. The essence of an absolute nuisance is that "no matter how careful one is, such activities are inherently injurious and cannot be conducted without damaging someone else's property or rights." *Brown* at 713. Thus, absolute nuisance is "based upon either intentional conduct or abnormally dangerous conditions, and as such the rule of absolute liability applies." *Id.* "Conversely, qualified nuisance is premised upon negligence. It consists of a lawful act that is so negligently or carelessly done as to have created an unreasonable risk of harm which in due course results in injury to another." *Id.*

**{¶11}** First, we conclude there is no genuine issue of fact to sustain a qualified nuisance claim. The Ogles did not present any evidence that Ohio Power's construction

and operation of the Tower was done negligently or carelessly. Thus, there is no evidence that the Tower constituted a qualified nuisance. *See Brown* at 713.

**{¶12}** Next, we analyze whether the Ogles can show that the Tower constitutes an absolute nuisance. "[A]n absolute nuisance requires intentional conduct on the part of the defendant[.] Intentional, in this context, means not that a wrong or the existence of a nuisance was intended but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance." *Angerman v. Burick*, 9th Dist. No. 02CA0028, 2003-Ohio-1469, ¶ 10. The Ogles argue that the Tower is a nuisance based on (1) health hazards caused by the Tower and (2) the unsightliness of the Tower.

**{¶13}** There is no evidence to support the Ogles' claim that the Tower is a nuisance based on alleged health hazards. For example, the Ogles allege that the Tower's electromagnetic emissions pose an increased risk of cancer. However, the Ogles have not come forward with any actual evidence showing that the Tower constitutes a health hazard of any sort. Thus, there is no genuine issue of material fact regarding whether the Tower is a nuisance based on the alleged health hazards.

**{¶14}** Additionally, the Ogles' assertions that the Tower is unsightly are insufficient to show that the Tower constitutes a nuisance. *See Bohley v. Crofoot*, 7 Ohio Law Abs. 667, 1929 WL 2231, *1 (9th Dist.1929). In *Bohley*, the court held that the unsightliness of a lawfully operated junkyard was, by itself, insufficient to constitute a nuisance. Specifically, the court stated as follows:

> The mere unsightliness of the junk upon defendant's
>
> premises violates no rights of the plaintiff, any more

than an unsightly house or other building would; and a

court of equity cannot, at the instance of one

neighbor, control another neighbor in the use of his

own premises when such use in no way violates the

rights of said first neighbor; where no right has been

invaded, although one may have damaged another,

no liability has been incurred, and no redress, either

in law or in equity, is obtainable. *Id.*

*See also Schoenberger v. Davis*, 8th Dist. No. 45611, 1983 WL 5501, *6 (June 23, 1983). Other jurisdictions have also found that "unsightliness, without more, does not create an actionable nuisance." *Ness v. Albert*, 665 S.W.2d 1, 1-2 (Mo.App.1983); *see also Oliver v. AT&T Wireless Servs.*, 76 Cal.App.4th 521, 534 (1999) ("The displeasing height and shape of the new tower cannot, in and of itself, make it a nuisance to those who sit on the other side of the property line."); *Oklejas v. Williams*, 165 Ga.App. 585, 586, 302 S.E.2d 110 (1983).

**{¶15}** Finally, the Ogles argue that the Tower has caused a diminution in value in their property. Even assuming that to be true, the only evidence that the Ogles have presented to support their nuisance claim is that the Tower is unsightly. And "unsightliness, without more, does not create an actionable nuisance." *Ness* at 1-2. Consequently, because there is no evidence to support an actionable nuisance, the Ogles cannot recover for the alleged diminution in value of their property.

**{¶16}** Accordingly, we conclude (1) that there is no genuine issue as to any material fact regarding the Ogles' nuisance claim; (2) that Ohio Power is entitled to

judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the Ogles.  As a result, we overrule all of the Ogles' assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
          Roger L. Kline, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**