[Cite as *Berick v. Engwiller Properties, Inc.*, 2025-Ohio-1989.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEANNETTE BERICK, et al., | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiffs - Appellants | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| ENGWILLER PROPERTIES, INC, et al., | : | Case No. 2024 CA 0047 |
| | : | 2024 CA 0088 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Richland County
                   Court of Common Pleas, Case No.
                   2024 CV 0075 R.


JUDGMENT:           Reversed and Remanded


DATE OF JUDGMENT:      June 2, 2025


APPEARANCES:

For Plaintiffs-Appellants

KYLE R. WRIGHT
KEVIN C. QUINLAN
THACKER
OLIVIA M. TORISK
Kademenos, Wisehart, Hines,
Doylyk & Wright Co LPA
502 W. Washington Street
Sandusky, Ohio 44870

For Defendant- Appellee Engwiller
Properties, Inc.

MICHAEL J. MCLANETRENT M.

250 W. Old Wilson Bridge Rd.
Suite 265
Columbus, Ohio 43085

For Defendant- Appellee Swavory, LLC

TRENT M. THACKER
Curry Roby, LLC
30 Northwoods Blvd., Suite 300
Columbus, Ohio 43235

*Baldwin, P.J.*

**{¶1}** The appellants, Jeanette Berick and her husband Daniel Berick, appeal the judgment entries of the trial court granting appellee Engwiller Properties, Inc.'s Motion to Dismiss and appellee Swavory, LLC's Motion for Judgment on the Pleadings.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On August 26, 2022, appellant Jeannette Berick and her family were attending an outdoor event in the City of Mansfield when she walked towards the storefront window of appellee Swavory, a restaurant and store. As she approached the window she fell into an uncovered window well and sustained significant bodily injuries. Appellee Engwiller Properties owned and managed the property that was occupied by appellee Swavory.

**{¶3}** On February 14, 2024, the appellants filed a Complaint against appellees Engwiller and Swavory alleging negligence. Specifically, the appellants' first cause of action alleged that appellee Engwiller had a duty to use ordinary care for appellant Jeannette Berick's safety, and to provide notice of any latent dangers about which it knew or should have known; that appellee Engwiller negligently created, maintained, failed to remove, and failed to warn of a latent dangerous condition (i.e., the uncovered window well); that appellee Engwiller's negligence was the direct and proximate cause of appellant Jeannette Berick's injuries; and, that the appellants suffered damages as a result of appellee Engwiller's negligence. The appellants' second cause of action alleged that appellee Swavory had a duty to use ordinary care for appellant Jeannette Berick's safety, to keep the premises in a reasonably safe condition, and to provide notice of any latent dangers about which appellee Swavory knew or should have known; that appellee

Swavory negligently created, maintained, failed to remove, and failed to warn of a latent dangerous condition; that appellee Swavory's negligence was the direct and proximate cause of appellant Jeannette Berick's injuries; and, that appellants suffered damages as a result of appellee Swavory's negligence. The appellants' third cause of action alleged that appellant Daniel Berick had suffered the loss of his wife Jeannette's consortium.

**{¶4}** On May 13, 2024, appellee Engwiller filed a Civ.R. 12(B)(6) Motion to Dismiss in which it essentially argued that, because it owed no duty to warn of open and obvious defects, the appellants failed to state a claim upon which relief could be granted. The parties briefed the issue, and on June 17, 2024, the trial court issued a Judgment Entry Granting Motion to Dismiss. The Judgment Entry stated that it was "a final appealable order" and that "there was no just cause for delay." On July 15, 2024, the appellants filed a notice of appeal of the trial court's June 17, 2024, Judgment Entry.[1]

**{¶5}** On August 5, 2024, appellee Swavory filed a Civ.R. 12(C) Motion for Judgment on the Pleadings in which it essentially argued that, based upon the pleadings, it owed no duty to the appellants, the Complaint failed on its face, and it was therefore entitled to judgment. The parties briefed the issue, and on October 7, 2024, the trial court issued a Judgment Entry Granting Motion for Judgment on the Pleadings. On November 5, 2024, the appellants filed a Notice of Appeal from the trial court's October 7, 2024, Judgment Entry.

---

[1] On August 7, 2024, the appellants filed a Motion to Remand and Dismiss for Lack of Jurisdiction, arguing that because the trial court's June 17, 2024, entry did not dispose of all claims against all parties that it was not a final appealable order. The Motion has since been rendered moot, and is addressed by this Court in a separate entry.

**{¶6}** The appellants set forth the following sole assignment of error with regard to appellee Engwiller:

**{¶7}** "I. THE TRIAL COURT ERRED IN GRANTING ENGWILLER PROPERTIES, INC.'S MOTION TO DISMISS BECAUSE IT IMPROPERLY CONCLUDED THAT THE WINDOW WELL THAT JEANNETTE BERICK FELL THROUGH WAS OPEN AND OBVIOUS, AND THEREFORE, ENGWILLER PROPERTIES OWED NO DUTY TOWARDS JEANNETTE BERICK. *SEE* EXHIBIT A — JUDGMENT ENTRY OF JUNE 17, 2024, AT 11."

**{¶8}** The appellants set forth the following sole assignment of error with regard to appellee Swavory:

**{¶9}** "I. THE TRIAL COURT ERRED IN GRANTING SWAVORY LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS BECAUSE IT IMPROPERLY CONCLUDED THAT THE WINDOW WELL THAT JEANNETTE BERICK FELL THROUGH WAS OPEN AND OBVIOUS. THEREFORE, IN DOING SO, THE TRIAL COURT IMPROPERLY DETERMINED THAT SWAVORY LLC OWED NO DUTY TOWARDS JEANNETTE BERICK. *SEE* EXHIBIT A JUDGMENT ENTRY OF OCTOBER 07, 2024."

**{¶10}** The appellants submit in both assignments of error that the trial court erred in determining that the appellees owned no duty to appellant Jeannette Berick. The issue, however, is more properly framed as follows: whether the trial court erred in finding that the appellants' Complaint failed to state a claim upon which relief can be granted, and failed on the pleadings. We find that the trial court erred in so finding.

# STANDARD OF REVIEW

**{¶11}** This Court addressed the standard of review in cases involving motions to dismiss in *L.E. Lowry Limited Partnership v. R&R JV LLC*, 2022-Ohio-3109, (5th Dist.):

Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

A trial court should dismiss a complaint for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6) only when it appears:

"beyond doubt * * * that the [plaintiff] can prove no set of facts warranting relief." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281. The court may look only to the complaint itself, and no evidence or allegation outside the complaint, when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 680 N.E.2d 985. Nevertheless, the court may consider material incorporated in the

complaint as part of the complaint. *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 707 N.E.2d 931."

*Wolff v. Dunning Motor Sales*, 5th Dist. Guernsey No. 20CA000011, 2021-Ohio-740, 2021 WL 942858, ¶¶ 31-32."

*Id.* at ¶¶ 12-14. The court in *Bethel Oil and Gas, LLC v. Redbird Development, LLC,* 2024-Ohio-5285 (7th Dist.) stated further:

"Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove ..." *State ex rel. Hanson*, 65 Ohio St.3d at 549, 605 N.E.2d 378, citing *York*, 60 Ohio St.3d at 144–145, 573 N.E.2d 1063; *see York*, 60 Ohio St.3d at 146, 573 N.E.2d 1063 (Moyer, J., concurring) (stating that complaint need not contain more than "brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule"); *City of Willoughby Hills v. Cincinnati Ins. Co.*, 9 Ohio St.3d 177, 180, 459 N.E.2d 555 (1984) ("No longer must a complaint set forth specific factual allegations."); *see also* Civ.R. 8(E) (averments contained in a pleading "shall be simple, concise, and direct"). A complaint must, however, " 'contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.' " *Schlenker Ents., L.P. v. Reese*, 2010-Ohio-5308, 2010 WL 4323662, ¶29 (3d Dist.), quoting *Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist. 1982). "Consequently, 'as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to

recover, the court may not grant a defendant's motion to dismiss.' " *Beretta*, 2002-Ohio-2480, 768 N.E.2d 1136, at ¶ 29, quoting *York*, 60 Ohio St.3d at 145, 573 N.E.2d 1063.

Moreover, a plaintiff is "not required to plead the legal theory" of the case at the pleading stage. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994). Instead, the complaint "need only give reasonable notice of the claim." *State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 37, 656 N.E.2d 334 (1995). Furthermore, "a plaintiff is not required to prove his or her case at the pleading stage." *York*, 60 Ohio St.3d at 144-145, 573 N.E.2d 1063. And notably, "Civ.R. 8(A) does not contemplate evidentiary pleading." *Collins v. National City Bank*, 2003-Ohio-6893, 2003 WL 22971874, ¶ 58 (2d Dist.). Indeed, "[v]ery often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession." *York*, 60 Ohio St.3d at 145, 573 N.E.2d 1063; *accord State ex rel. Hanson*, 65 Ohio St.3d at 549, 605 N.E.2d 378 (citing *York* and noting that the facts necessary to prove claims alleged in a complaint "may not be available until after discovery").

Moreover, Civ.R. 8(F) provides that courts should construe the pleadings so as to do substantial justice. The object is not absolute technical conformity with arcane rules of pleading but rather simply to see whether the plaintiffs' wording provides the defendants with notice of the claim and the opportunity to defend it.

*Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, ¶ 9 (4th Dist.) (concluding "that delving into the nuances of absolute versus qualified nuisance should be reserved for discovery and summary judgment").

The foregoing "simplified notice-pleading standard relies on liberal discovery rules and summary-judgment motions to define disputed facts and to dispose of nonmeritorious claims." *Id.* at ¶ 5 (4th Dist.); McCormac at 222, § 10.01 ("discovery, rather than pleadings, is used to clarify and narrow the issues"). In fact, " '[b]ecause it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal.' " *Ogle*, 2008-Ohio-7042, 903 N.E.2d 1284, at ¶ 5 (4th Dist.), quoting *Leichtman v. WLW Jacor Communications, Inc.*, 92 Ohio App.3d 232, 234, 634 N.E.2d 697 (1st Dist. 1994). Additionally, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Wilson v. Riverside Hosp.*, 18 Ohio St.3d 8, 10, 479 N.E.2d 275 (1985) (citations omitted). Consequently, Civ.R. 12(B)(6) dismissals are "reserved for the rare case that cannot possibly succeed." *Tri–State Computer Exchange, Inc. v. Burt*, 2003-Ohio-3197, 2003 WL 21414688, ¶ 12 (1st Dist.).

*Id.* at ¶¶41-43. Similarly, when reviewing a trial court's decision to grant a motion for judgment on the pleadings an appellate court must construe the material allegations in the complaint with all reasonable inferences to be drawn therefrom in favor of the nonmoving party as true; and, find beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Gingrich v. Otter Fork*

*Equestrian Complex, LLC*, 2024-Ohio-2775, ¶ 28 (5th Dist.), *appeal not allowed, Gingrich v. Otter Fork Equestrian Complex, L.L.C.,* 2024-Ohio-4534.

**{¶12}** Thus, as we conduct our de novo review of the trial court's June 17, 2024, Judgment Entry we look to the face of the appellants' Complaint and accept the allegations set forth therein as true, with all reasonable inferences drawn in the appellants' favor. As we review the court's October 7, 2024, Judgment Entry, we look to the appellants' Complaint and appellee Swavory's Answer to determine if there are no set of facts that would support the appellants' claim.

## ANALYSIS

**{¶13}** The appellants' Complaint sets forth a premises liability claim, which sounds in negligence. In order to prevail on a premises liability claim, the appellants are required to prove (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The appellants' Complaint sets forth an allegation as to each of these elements.

**{¶14}** The appellees submit that the photographs embedded in the appellants' Complaint are fatal to their case, and that the inclusion of the photos illustrates the open and obvious nature of the allegedly hazardous window well. We disagree. Civ.R. 10(D) addresses attachments to pleadings, and states:

> (1)  *Account or Written Instrument.* When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written

instrument is not attached, the reason for the omission must be stated in the pleading.

(2) *Affidavit of Merit; Medical, Dental, Optometric, and Chiropractic Liability Claims.*

(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(B)(5). Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the

complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

(c) In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:

(i) A description of any information necessary in order to obtain an affidavit of merit;

(ii) Whether the information is in the possession or control of a defendant or third party;

(iii) The scope and type of discovery necessary to obtain the information;

(iv) What efforts, if any, were taken to obtain the information;

(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

(d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.

(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which

claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.

Civ.R. 10(D) does not provide for the attachment and incorporation of unauthenticated photographs to the pleadings.

{¶15} The Third District Court of Appeals addressed the use of photographs in a complaint and the consideration of same in the context of a 12(B)(6) motion for dismissal, stating:

On the other hand, "accounts" and "written instruments" (usually contracts) that are attached to a complaint are incorporated into the complaint pursuant to Civ.R. 10(C) and (D), and the trial court may consider them for purposes of a Civ.R. 12(B)(6) motion. *Keenan*, 2006-Ohio-3633, 2006 WL 1975871, at ¶ 8–9, citing *Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 185–186, 69 O.O.2d 178, 318 N.E.2d 557; Civ.R. 10(C) and (D). Photographs are not "account[s]" or "written instruments" that are incorporated into the complaint pursuant to Civ.R. 10(C) and (D); and therefore, the Widmans' reliance upon these for dismissal is inappropriate. See, e.g., *Resch v. Roy*, 9th Dist. No. 24481, 2009-Ohio-2458, 2009 WL 1478713 (trial court erred by relying upon attached copy of a partial e-mail, copy of document from Internet search, and an affidavit)."

*Davis v. Widman*, 2009-Ohio-5430, ¶ 18 (3rd Dist.).

**{¶16}** Similarly, the Ninth District Court of Appeals disallowed consideration of an attachment that was not specifically referenced in Civ.R. 10(C) or (D) in the case of *State ex rel. Maynard v. Medina Courthouse Steering Committee*, 2020-Ohio-5562 (9th Dist.), in which it held that an email attached as an exhibit to an answer filed by a party was not a "written instrument" permitted by pleadings rules, and thus should have been excluded from the record in determining a motion for judgment on the pleadings:

> Respondents argue that an email attached as Exhibit 1 to the answer filed by the Steering Committee, Hutson, Miller, Bastean and Judge Dunn "shows that BCI created the Steering Committee, meaning that [the committee is] not a public body." Steering Committee's Brief 4. The exhibit, however, is not a "written instrument" under Civ.R. 10(C), so it was, or should have been, excluded from the record pursuant to Civ.R. 12(C). *Greer,* 2020-Ohio-3951, 156 N.E.3d 1005.

*Id.* at ¶ 15.

**{¶17}** Finally, the court in *Jones v. Gilbert*, 2023-Ohio-754 (3rd Dist.), provided that, as a general rule, photographs are neither accounts nor written instruments as contemplated by Civ.R. 10(D), and as such should not be incorporated into a complaint under the rule, and should not be considered when deciding whether to grant a motion for judgment on the pleadings. *Id.* at footnote 3.[2]

---

[2] The *Jones* court noted, however, that the photographs at issue therein "were included in the inspection report, which was itself incorporated into the purchase agreement," which was attached to the answer in compliance with Civ.R. 10(D). The photographs were therefore part of a 'written instrument' and could be considered in that case. *Id.*

**{¶18}** In the case sub judice, the photographs included in the appellants' Complaint were not authenticated, nor were they incorporated into a document that would otherwise satisfy the requirements of Civ.R. 10(D). Accordingly, the photographs may not be considered in determining whether the appellants' Complaint properly set forth their negligence claims.

**{¶19}** In order to affirm the decision of the trial court we must determine, beyond a doubt, that the appellants can prove no set of facts warranting relief. However, in conducting our review we must accept all factual allegations of the Complaint as true, and all reasonable inferences must be drawn in favor of the appellants as nonmoving parties. The appellants' Complaint contains sufficient allegations as to each element of their negligence cause of action. Furthermore, in reviewing the trial court's decision on appellee Swavory's motion for judgment on the pleadings, we must construe the material allegations in the appellants' Complaint, with all reasonable inferences to be drawn therefrom as true, and find beyond a doubt that they can prove no set of facts in support of their claims.

**{¶20}** The appellants' Complaint properly set forth all elements of their negligence claims. The photographs embedded in the Complaint may not be considered, as they do not comply with the civil rules. At this juncture, we cannot conclusively say that the appellants' Complaint failed to state a claim upon which relief could be granted. Nor can we say that the appellants can prove no set of facts warranting relief. Accordingly, the appellants' assignments of error are sustained.

## CONCLUSION

{¶21} Based upon the foregoing, the assignments of error set forth by the appellants are sustained, and the June 17, 2024, and October 7, 2024, decisions of the Richland County Court of Common Pleas are hereby reversed and remanded.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.