[Cite as *Primal Life Holdings, L.L.C. v. Society Brands, Inc.*, 2025-Ohio-2746.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PRIMAL LIFE HOLDINGS, LLC, ET AL. : | | JUDGES: |
| : | | Hon. Andrew J. King, P.J. |
| Plaintiffs-Appellants : | | Hon. Robert G. Montgomery, J. |
| : | | Hon. David M. Gormley, J. |
| -vs- : | | |
| : | | |
| SOCIETY BRANDS, INC., ET AL. : | | Case No. 2024 CA 00178 |
| : | | |
| Defendants-Appellees : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2024 CV 00977

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      August 4, 2025

APPEARANCES:

For Plaintiffs-Appellants

WILLIAM STAVOLE
ANTHONY VACANTI
IZAAK HORSTEMEIER-ZRNICH
950 Main Avenue
Suite 1100
Cleveland, OH  44113

RICHARD C. VASQUEZ (PRO HAC VICE)
3685 Mt. Diablo Boulevard
Suite 300
Lafayette, CA  94549

For Defendants-Appellees

JUSTIN S. GREENFELDER
JOSHUA E. O'FARRELL
MATTHEW D. SMITH
4277 Munson Street NW
Canton, OH  44718

*King, J.*

{¶ 1}   Plaintiffs-Appellants, Primal Life Holdings, LLC and Trina Felber, appeal the November 13, 2024 judgment entry of the Court of Common Pleas of Stark County, Ohio, dismissing their complaint.   Defendants-Appellees are Society Brands, Inc., SBI Alpha Fund, LLC, Primal Life Organics II, LLC, Michael Sirpilla, Justin Sirpilla, and Shawn Dougherty.   We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Felber is a registered nurse and in 2012, founded a multimillion-dollar online company selling skin care and dental products made with only safe and organic ingredients (Primal Life Organics).   In 2022, the Sirpilla brothers approached Felber to purchase her company.   A deal could not be reached.   Even after the Sirpillas offered a higher purchase price, a deal could not be reached.

{¶ 3}   In 2023, the Sirpillas offered Felber another deal: Society Brands would acquire a controlling interest in the company, Felber would maintain her majority stake in the company, she would continue to receive profit distributions, and she would stay onboard as brand president supported by Society Brands's "tech-enabled platform" and "team of experts."   She could continue to grow and manage her company, and she would receive "rollover" equity in Society Brands and Primal Life Organics II, the new company created by the Sirpillas to take over Felber's company.   Society Brands was the holding company for all the other online brands the Sirpillas were acquiring; Dougherty was a co-founder of Society Brands and the chief operations officer.

{¶ 4}   Felber accepted and on December 14, 2023, the parties signed an Asset Purchase Agreement, an Amended and Restated Limited Liability Company Agreement,

and an Employment Agreement (Exhibits A-C).  The name of Primal Life Organics was changed to Primal Life Holdings, LLC.  SBI Alpha owns and controls Primal Life Organics, II, the "buyer" under the purchase agreement and the current entity running Felber's company.

{¶ 5}   Shortly thereafter, Felber felt what had been represented to her was false; there was no team of experts, no tech-enabled platform, and no plan to grow her company.  The parties had a falling out and on April 15, 2024, Society Brands terminated Felber "for cause."  Immediately after her termination, Felber informed appellees that they could no longer use her name, voice, image, and likeness to sell company products.

{¶ 6}   On May 6, 2024, appellees served Felber with notice of a "Trigger Event" to allow the acceleration of appellees' ability to purchase Felber's ownership stake at a deep discount as opposed to what they would have to pay via an early buyout.

{¶ 7}   On May 17, 2024, appellants filed a complaint against appellees, alleging claims of fraud (Society Brands and the Sirpillas), fraud in the inducement (Society Brands and the Sirpillas), negligent misrepresentation (Society Brands and the Sirpillas), breach of fiduciary duties (Society Brands), breach of contract (Society Brands and SBI Alpha Fund), breach of employment contract (Primal Life Organics II), intentional interference with contract (Society Brands, the Sirpillas, and Dougherty), unauthorized use of persona (Society Brands, Primal Life Organics II, and SBI Alpha Fund), and accounting (Society Brands and Primal Life Organics II).  Appellants also requested declaratory relief (Society Brands, Primal Life Organics II, and SBI Alpha Fund).  No documents were attached to the complaint as appellants claimed confidentiality.

{¶ 8}   On July 29, 2024, appellees filed a motion to dismiss, arguing in part that appellants failed to plead some of their claims with specificity and they erroneously argued parol evidence in support of their allegations when the signed contracts between the parties set forth their complete agreements.  Appellees argued under the terms of the contracts, they had the sole authority to manage and control the affairs of the company, had valid grounds to terminate Felber, and had the sole power to take actions on behalf of the company without Felber's consent or approval.  Contemporaneously with the motion, appellees moved to attach fourteen documents under seal: Exhibits A-C were the three contracts the parties signed, and Exhibits D-N were various letters sent between the parties and/or counsel.  By order filed August 7, 2024, the trial court granted appellees leave to file the exhibits under seal.

{¶ 9}   On August 19, 2024, appellants filed an amended complaint against appellees, alleging claims of fraud in the inducement (Society Brands and the Sirpillas), negligent misrepresentation (Society Brands and the Sirpillas), breach of fiduciary duties (Society Brands), breach of contract (Society Brands and SBI Alpha Fund), breach of employment contract (Society Brands), intentional interference with contract (the Sirpillas), unauthorized use of persona (Society Brands, Primal Life Organics II, and SBI Alpha Fund), aiding and abetting unauthorized use of persona (Society Brands, the Sirpillas, and Dougherty), and invasion of privacy/false light (Society Brands, Primal Life Organics II, and SBI Alpha Fund).  Appellants also requested declaratory relief (Society Brands, Primal Life Organics II, and SBI Alpha Fund).  Again, no documents were attached to the amended complaint citing confidentiality.

{¶ 10} On September 3, 2024, appellees refiled their motion to dismiss the complaint, again arguing the parol evidence rule and the allegations in the complaint were barred by the plain and unambiguous language of the contracts or barred as a matter of law. On September 17, 2024, appellants filed a memorandum in opposition wherein they contested the inclusion of Exhibits D-G; they moved to have the exhibits stricken as improper. By judgment entry filed November 13, 2024, the trial court granted the motion to dismiss, finding the relationship between the parties was controlled by the contracts signed by the parties which were valid, unambiguous, and enforceable, and appellants could prove no set of facts warranting recovery. The trial court stated it considered the allegations in the complaint and reviewed the documents referred to in the complaint and central to appellants' claims. The trial court cited Exhibits A-C, the three contracts signed by the parties; the trial court did not specifically refer to Exhibits D-N.

{¶ 11} Appellants filed an appeal with the following assignments of error:

I

{¶ 12} "THE TRIAL COURT COMMITTED ERROR IN DISMISSING WITH PREJUDICE APPELLANTS' FRAUD IN THE INDUCEMENT CLAIM, COUNT ONE."

II

{¶ 13} "THE TRIAL COURT COMMITTED ERROR IN DISMISSING WITH PREJUDICE APPELLANTS' NEGLIGENT MISREPRESENTATION CLAIM, COUNT TWO."

III

{¶ 14} "THE TRIAL COURT COMMITTED ERROR IN DISMISSING WITH PREJUDICE APPELLANTS' BREACH OF EMPLOYMENT CONTRACT CLAIM, COUNT FIVE."

IV

{¶ 15} "THE TRIAL COURT COMMITTED ERROR IN DISMISSING WITH PREJUDICE APPELLANTS' UNLAWFUL USE OF PERSONA CLAIM, COUNT SEVEN."

V

{¶ 16} "THE TRIAL COURT COMMITTED ERROR IN DISMISSING WITH PREJUDICE APPELLANTS' BREACH OF THE LLC AGREEMENT, COUNT FOUR."

VI

{¶ 17} "THE TRIAL COURT COMMITTED ERROR IN DISMISSING WITH PREJUDICE APPELLANTS' DECLARATORY RELIEF CLAIM COUNT TEN."

I, II, III, IV, V, VI

{¶ 18} In these assignments of error, appellants claim the trial court erred in dismissing Counts One (fraud in the inducement), Two (negligent misrepresentation), Four (breach of the LLC agreement), Five (breach of the employment contract), Seven (unlawful use of persona), and Ten (declaratory relief) of their amended complaint. We agree.

{¶ 19} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board*

*of Commissioners,* 65 Ohio St.3d 545 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192 (1988). In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. "As long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶ 20} In ruling on a Civ.R. 12(B)(6) motion, a court may look only to the complaint itself and may not consider any evidence or allegations outside the complaint. *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206 (1997). But a court may consider material incorporated in the complaint as part of the complaint. *State ex rel. Crabtree v. Franklin County Board of Health,* 77 Ohio St.3d 247, 249, fn. 1 (1997) ("Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss"). A party seeking a dismissal "may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment." *State ex rel. Hanson* at 548.

{¶ 21} Civ.R. 8(A) provides for notice pleading and requires only (1) "a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Thus, in order to survive a Civ.R. 12(B)(6) motion, "a pleader is ordinarily not required to allege in the

complaint every fact he or she intends to prove; such facts may not be available until after discovery." *Id.* at 596, citing *York* at 144-145. As stated by Chief Justice Moyer in his concurring opinion, "[t]his court's opinions do not require a complaint to contain anything more than brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule." *York* at 146. But allegations of fraud must be pled with particularity. Civ.R. 9(B); *see Rieger v. Podeweltz*, 2010-Ohio-2509, ¶ 9 (2d Dist.).

{¶ 22} We note "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." (Citation omitted.) *Wilson v. Riverside Hospital,* 18 Ohio St.3d 8, 10 (1985). Therefore, a Civ.R. 12(B)(6) dismissal is "reserved for the rare case that cannot possibly succeed, and it should not be granted simply because the court many (sic) have reservations about the plaintiff's ultimate chance of success on the merits." *Tri-State Computer Exchange, Inc. v. Burt*, 2003-Ohio-3197, ¶ 12 (1st Dist.). *Accord Berick v. Engwiller Properties, Inc.*, 2025-Ohio-1989, ¶ 11 (5th Dist.), quoting *Bethel Oil and Gas, LLC v. Redbird Development, LLC,* 2024-Ohio-5285, ¶ 43 (7th Dist.).

{¶ 23} In their original complaint, appellants did not attach any of the written agreements they based their claims on because of confidentiality. Appellees filed their motion to dismiss under Civ.R. 12(B)(6) and moved to attach fourteen documents under seal: Exhibits A-C being the three contracts the parties signed, and Exhibits D-N being various letters sent between the parties and/or counsel. By order filed August 7, 2024, the trial court granted appellees leave to file the exhibits under seal. Appellants then filed their amended complaint, again without any of the written agreements attached. Any documents before the trial court came by way of appellees' motion to dismiss.

{¶ 24} In granting the motion to dismiss, the trial court noted it reviewed "those documents referred to in the Complaint and central to Plaintiff's claims" and found "Plaintiffs can prove no set of facts warranting recovery in this matter." Judgment Entry filed November 13, 2024. In its analysis, the trial court specifically listed the three agreements signed by the parties: the Asset Purchase Agreement, the Amended and Restated Limited Liability Company Agreement, and the Employment Agreement (Exhibits A-C). In reviewing the agreements, the trial court found each was "written evidence of the parties' intentions, negotiated over a period of time, with the aid of competent counsel, whereby the parties agree, and contract, to be bound by certain terms." *Id.* The trial court found "the language of these documents is clear and unambiguous and sets forth the terms upon which the parties agreed to work; Defendants had sole authority to manage and control the affairs of the company, had valid grounds to terminate Ms. Felber for cause, and had sole power to take actions on behalf of the company without Ms. Felber's consent or approval." *Id.*

{¶ 25} But appellants' claims include a breach of those agreements (Counts Four and Five) and a review of the lengthy amended complaint (176 paragraphs) shows enough was pled to survive a motion to dismiss. Amended Complaint filed August 19, 2024 at ¶ 51, 52, 64, 74-85, 97-99, 131-133, 135-152. Appellees argued Felber failed to comply with the terms of the employment agreement and failed to cure material breaches; these are factual issues in dispute. Defendants' Motion to Dismiss filed September 3, 2024 at page 2.

{¶ 26} We find the same for the fraud in the inducement and negligent misrepresentation counts (Counts One and Two). A claim for fraudulent inducement

arises when one party induces another party to enter into an agreement through fraud or misrepresentation. *ABM Farms, Inc. v. Woods,* 81 Ohio St.3d 498, 502 (1998). "In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." *Id.,* citing *Beer v. Griffith,* 61 Ohio St.2d 119, 123 (1980). "The fraud relates not to the nature or purport of the [contract] . . . but to the facts inducing its execution." *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 14 (1990).

{¶ 27} The elements of negligent misrepresentation are:

"One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 4 (1989), quoting 3 Restatement of the Law 2d, Torts, § 552(1), at 126-127 (1965).

{¶ 28} A review of the complaint indicates appellants pled their claims with enough particularity to survive a motion to dismiss. Amended Complaint filed August 19, 2024 at ¶ 44, 50-61, 65-71, 103-112, 114-116.

{¶ 29} As for appellants' unlawful use of persona claim (Count Seven), there is enough pled in the complaint to raise an issue of what an "intangible asset" and "goodwill" in the Asset Purchase Agreement entailed; to what extent did it include her "persona" and what did her "persona" include? *Id.* at ¶ 86-95, 161-164.

{¶ 30} At this early stage, we find there are active controversies between the parties that could require judicial declarations of relief related to the counts still remaining (Count Ten). *Id.* at 176.

{¶ 31} In order to affirm the trial court's decision, we must determine that appellants can prove no set of facts warranting relief. In accepting all factual allegations of the complaint as true, and all reasonable inferences drawn in favor of appellants as the nonmoving parties, we cannot definitively say that appellants' complaint failed to state a claim upon which relief could be granted on the six challenged counts. We cannot say appellants can prove no set of facts warranting relief. We find appellants' complaint contained sufficient allegations to withstand the Civ.R. 12(B)(6) motion to dismiss.

{¶ 32} Interestingly, in their motion to dismiss, appellees alleged appellants committed unlawful acts "[a]s will be more completely described in Defendants' forthcoming Counterclaims." Defendants' Motion to Dismiss filed September 3, 2024 at page 4. Appellees challenged appellants' allegations in their amended complaint as false and "completely untethered from reality." *Id.* at page 5. Appellees questioned many of appellants' factual allegations. It is evident each side has numerous claims and allegations against each other to survive a motion to dismiss. Also, appellees argue the parol evidence rule, citing *Galmish v. Cicchini,* 90 Ohio St.3d 22 (2000). It is too early in the process to determine if the parol evidence rule will come into play.

{¶ 33} Further, in their reply memorandum, appellees argue the trial court was free to consider Exhibits D-G. Defendants' Reply Memorandum filed September 24, 2024 at page 2-4. Appellees argued appellants referenced these exhibits in their amended complaint and therefore the trial court could consider them. Appellants referenced agreements and letters in their amended complaint, but did not specifically cite to these exhibits. This court is unable to determine if the exhibits submitted by appellees were indeed the items referred to by appellants; we do not see how the trial court could have known as well. Appellants objected to these exhibits and moved to strike them from the record, but the trial court was silent on the issue in ruling on the motion to dismiss. We can only presume the trial court denied the request to strike the exhibits. *State ex rel. The V Cos. v. Marshall,* 81 Ohio St.3d 467, 469 (1998). We are unclear as to what exhibits the trial court relied on in reaching its decision. The better practice in this case would have been to strike the complained of exhibits or convert the motion to dismiss into a motion for summary judgment.

{¶ 34} Upon review, we find the trial court erred in granting appellees' motion to dismiss.

{¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio, is hereby reversed, and the matter is remanded to the court for further proceedings.

By: King, P.J.

Montgomery, J. and

Gormley, J. concur.