[Cite as *Holtz v. Gray*, 2025-Ohio-5619.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARTHA HOLTZ | Case No. 25CA00006 |
| Plaintiff – Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Perry County Municipal Court, Case No. CVG2500136 |
| DANIEL GRAY | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry:December 16, 2025 |

**BEFORE:**   WILLIAM B. HOFFMAN, P.J., KEVIN W. POPHAM, J.; DAVID M. GORMLEY, Appellate Judges

**APPEARANCES:** WILLIAM FLAUTT for Plaintiff-Appellee; DANIEL GRAY, PRO SE For Defendant-Appellant

OPINION

*Popham, J.*

{¶1}    Appellant Daniel Gray appeals the judgment of the Perry County Municipal Court, which granted a writ of restitution in favor of Appellee Martha Holtz.  Because Appellant has not provided this Court with a transcript of the municipal-court proceedings, and because no errors are evident from the record before us, we affirm the judgment.

*Facts & Procedural History*

{¶2}    On February 28, 2025, Appellee served Appellant with a three-day notice to leave the premises pursuant to R.C. 1923.04.  On March 6, 2025, Appellee filed a forcible entry and detainer complaint against Appellant in the Perry County Municipal

Court. The complaint alleges that Appellee owns the premises located at 12190 Custers Point Road in Thornville, Ohio, and that Appellant is a tenant residing at "Lot A1" of the campground. Appellee further alleges in her complaint that Appellant failed to pay both rent and electric charges for August through December of 2024, and for January, February, and March of 2025.

{¶3} On March 17, 2025, the magistrate conducted a hearing. Appellant did not provide this Court with a transcript of that hearing. The magistrate's judgment entry indicates that both Appellant and Appellee were present at the hearing. In a March 17, 2025, judgment entry, the magistrate made these findings of fact: the court had jurisdiction over the forcible entry and detainer claim; Appellant was properly served via personal service; Appellee had a right to possession of the premises; the parties had an oral lease agreement; Appellant violated the lease by failing to pay rent and/or electric; and Appellee served Appellant with a "Notice to Vacate the Premises" on February 28, 2025. The magistrate concluded that Appellee was entitled to restitution of the premises, and set March 28, 2025, as the date by which Appellant was to vacate.

{¶4} On March 28, 2025, Appellant filed a pleading captioned "Motion to Dismiss," but the body of the pleading stated he was "appealing the decision of the magistrate." Appellant listed the following "objections" to the magistrate's decision: that the notice to vacate the premises did not comply with R.C. 1923.04, R.C. 5321.02, R.C. 5321.03, R.C. 5321.06, and R.C. 5321.17; that the notice to leave the premises did not specify a date to leave the premises as required by R.C. 1923.03; that the notice contained a "false time" and "false date of issuance" in violation of R.C. 1923.04; that, pursuant to R.C. 5321.05 and R.C. 5321.03, appellee could not bring an eviction action

against a person with a disability; and that the complaint/notice did not contain an accurate or complete address.

{¶5} On April 21, 2025, the trial court issued a "Notice of Hearing," setting Appellant's "Appeal of the Magistrate's Decision" for hearing on May 12, 2025, at 10:15 a.m. The docket reflects that a hearing was held on that date, but Appellant did not provide this Court with a transcript of the hearing.

{¶6} On May 23, 2025, the trial court issued a judgment entry overruling Appellant's objections to the magistrate's decision and adopting the magistrate's decision. The trial court designated the judgment as a "final appealable order" and ordered Appellant's immediate removal from the premises.

{¶7} Later that same day, Appellant filed another pleading captioned "Motion to Dismiss," requesting that the eviction be "denied, vacated, and thrown out of court, never to be revisited and … dismissed with prejudice." It does not appear from the record that the trial court ever explicitly ruled on this motion. Accordingly, we presume the trial court denied the motion. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998); *Primal Life Holdings, LLC v. Soc. Brands, Inc.*, 2025-Ohio-2746, ¶ 33 (5th Dist.).

{¶8} On June 20, 2025, Appellant filed a motion asking this Court to "compel preparation of the transcripts of the hearings at the State's expense." On June 26, 2025, this Court denied the motion. On June 27, 2025, Appellant requested reconsideration, which this Court also denied. Likewise, this Court denied Appellant's July 7, 2025, emergency motion to quash the writ of execution.

{¶9} Appellant appeals the judgment of the Perry County Municipal Court, and assigns the following as error:

{¶10} "I. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT'S MOTION TO DISMISS ON THE GROUNDS THAT THE RULES OF EVICTION AND FORCIBLE ENTRY FOR MANUFACTURED HOME PARKS WERE IGNORED, SPECIFICALLY O.R.C. 1923.04, AND O.R.C. 5321.02, .03, 06, AND .17?"

{¶11} "II. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT'S RIGHT TO DUE PROCESS AND CIVIL RIGHTS TO DUE PROCESS AND CIVIL RIGHTS BY THE PLAINTIFF'S DENIAL OF ACCOMODATIONS FOR A PERSON WITH DISABILITIES, O.R.C. 4112.02(H)?"

{¶12} "III. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT'S SECOND MOTION TO DISMISS ON THE GROUNDS FOR BREACH OF ORAL CONTRACT PROTECTED AND OUTLINED IN O.R.C. 2305.07?"

{¶13} "IV. DID THE TRIAL COURT ERR BY DENYING THE APPELLANT'S MOTION TO DISMISS FOR VIOLATIONS OF O.R.C. 4781.38, .39, WHICH DEEM THE LEASE AGREEMENT VOID AB INITIO NEGATING NON-PAYMENT OF RENT AS CAUSE FOR EVICTION AS WELL AS SHOWING UNJUST ENRICHMENT BY THE PLAINTIFF/APPELLEE?"

{¶14} "V. DID THE TRIAL COURT ERRED IN SERVING A STALE EVICTION NOTICE AND WRIT OF EXECUTION WITH A JUDGMENT DATE OF MAY 30, 2025, AND WITH AN EXECUTION DATE OF MARCH 28, 2025, NOT IN COMPLIANCE WITH O.R.C. 3733.091 WHICH IMPLIES THAT PROCEDURES OF CHAPTER 1923 MUST BE FOLLOWED?"

I.

{¶15} In his first assignment of error, Appellant argues that the trial court committed error in overruling his objections to the magistrate's decision/motion to dismiss because "the rules of eviction and forcible entry for manufactured home parks were ignored," specifically R.C. 1923.04 and R.C. 5321.02, .03, .06, and .17.

{¶16} Under R.C. 1923.02(A), persons subject to forcible entry and detainer actions include, "tenants or manufactured home park residents holding over their terms" or "tenants or manufactured home park residents in possession under an oral tenancy, who are in default in the payment of rent as provided in division (B)." R.C. 1923.02(B) further provides that if a tenant or manufactured home park resident under an oral tenancy is in default in payment of rent, the tenant "forfeits the right of occupancy," and the landlord may terminate the tenancy by notifying the tenant, as required by R.C. 1923.04, to leave the premises.

{¶17} Upon review of the record transmitted to this Court, we find Appellee provided the three-day notice required by R.C. 1923.04 and that this notice contained all the language mandated by the statute. Accordingly, we conclude that the trial court did not "ignore" any portion of R.C. 1923.04. Likewise, the trial court did not "ignore" R.C. 5321.03, which expressly authorizes a landlord to bring an action for possession of the premises when a tenant is in default in the payment of rent.

{¶18} Appellant's remaining arguments relating to R.C. 5321.02 (retaliatory conduct by landlord), R.C. 5321.06 (terms and conditions of rental agreement), and R.C. 5321.17 (termination of tenancy) cannot be reviewed without reference to the record of the trial court proceedings.

{¶19} Appellant was required to provide a transcript of the lower-court proceedings because he "bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Id.*

{¶20} The record from the trial court has been transmitted to this Court. That record contains a printout of the docket, as well as copies of each filing from the parties and the trial court, but it does not contain a transcript of the hearing held before the magistrate on March 17, 2025, any of the exhibits that were introduced on that date, or a transcript of the objections hearing held before the trial judge on May 12, 2025. Because we do not have a complete record of what occurred in the trial court, vis-à-vis a transcript of what transpired at the oral hearings – necessary for the resolution of assigned errors, we presume the regularity of the proceedings below and affirm. Appellant's first assignment of error is overruled.

II., III., IV.

{¶21} In his second, third, and fourth assignments of error, Appellant contends the trial court erred in denying his motion to dismiss/objections to the magistrate's order because Appellee allegedly breached an oral contract, violated various provisions of R.C. Chapter 4781, and failed to provide appropriate accommodations under R.C. 4112.02(H). In his appellate brief, Appellant further argues that the trial court erred in denying his motion to dismiss/objections to the magistrate's order because Appellee purportedly

violated numerous provisions of the Ohio Revised Code and the United States Code, including R.C. Chapters 2909, 2913, 4112, and 4781; R.C. 5321.02 and 5321.04; and 18 U.S.C. 1708, 18 U.S.C. 1341, 18 U.S.C. 1702, and 42 U.S.C. 3601.

{¶22} These alleged errors cannot be resolved without reference to the record from the trial court below. As detailed above, Appellant was required to provide a transcript of the lower-court proceedings. *Knapp*, 61 Ohio St.2d at 199. Again, because we do not have a complete record what occurred in the trial court properly before us, including transcripts necessary for the resolution of assigned errors, we presume the regularity of the proceedings below and affirm. Appellant's second, third, and fourth assignments of error are overruled.

V.

{¶23} In his fifth assignment of error, Appellant contends the trial court erred by serving a "stale eviction notice and writ" containing an incorrect judgment date. The document to which Appellant appears to refer is not a judgment entry issued by the trial court. Rather, it is a "Writ of Restitution Execution" issued by the Perry County Clerk of Courts and directed to the bailiff and/or sheriff, instructing them to execute the writ of restitution previously issued by the trial court.

{¶24} The magistrate issued a writ of restitution on March 17, 2025. The trial court adopted and incorporated the magistrate's decision on May 23, 2025, ordering the immediate removal of appellant from the premises. Thus, the trial court did not improperly serve or issue a "stale" notice or writ. Appellant's fifth assignment of error is overruled.

{¶25} We note that appellant has attempted to supplement his arguments with factual information included within and attached to his appellate brief. This Court has no

means to verify whether this information was submitted to the trial court; therefore, we have not considered it. Moreover, to the extent the evidence Appellant references constitutes new material not before the trial court when it rendered its May 23, 2025, judgment, we cannot consider such evidence in resolving this appeal.  *Roote v. Hibernia Apts. I, LLC*, 2020-Ohio-5401, ¶ 11 (10th Dist.).  Appellate review is limited to the record as it existed at the time the trial court entered judgment.  *Franks v. Rankin*, 2012-Ohio-1920, ¶ 73 (10th Dist.).

{¶26}  Based on the foregoing, Appellant's assignments of errors are overruled.

For the reasons stated in our Opinion, the judgment of the Perry County Municipal Court is affirmed.  Costs to Appellant.

By: Popham, J.

Hoffman, P.J. and

Gormley, J., concur